UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY C. HAYES,
aka HENRY M. MITCHELL, JR.,

Plaintiff,

v.

RALPH DIAZ, et al.,

Defendants.

Case No. 19-cv-05216-WHO (PR)

**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED**

Plaintiff Henry C. Hayes, aka Henry M. Mitchell, Jr., a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.[1] **Hayes is ordered to show cause on or before October 14, 2019 why 28 U.S.C. § 1915(g) does not bar pauper status in this action.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the law of this circuit, plaintiff must be afforded an opportunity to persuade the Court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g)

---

[1] In his suit, plaintiff raises claims against various state actors for the unlawful seizure of property and for interfering with plaintiff's mail.

does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the section 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Hayes (aka Mitchell) has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

**(1)** *Hayes v. City of Los Angeles*, No. 2:03-cv-07197-UA-RZ (C.D. Cal. Dec. 17, 2003) (suit dismissed for failure to state a claim and because the allegations were "legally and/or factually patently frivolous");

**(2)** *Hayes v. Tenet Healthcare Corporation*, No. 2:07-cv-02455-CAS-RZ (C.D. Cal. Aug. 18, 2008) (suit dismissed with prejudice for failure to state a claim for relief);

**(3)** *Mitchell v. City of Los Angeles*, No. 2:08-cv-01831-UA-RZ (C.D. Cal. Apr. 8, 2008) (dismissing what was "at least Plaintiff's third attempt to litigate" the same complaint for failure to state a claim and because the allegations were "legally and/or factually patently frivolous")[2];

**(4)** *Mitchell v. Gutstadt*, No. 2:13-cv-08089-GAF-RZ (C.D. Cal. Nov. 8, 2013) (suit dismissed with prejudice because all claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1996))[3];

---

[2] The docket in this Central District case notes that plaintiff (i) Henry M. Mitchell, Jr. is also known as Henry C. Hayes; and (ii) has a CDCR number of V-16058, the same number listed by the plaintiff in the instant Northern District suit.

[3] The docket in this Central District case notes that plaintiff (i) Henry M. Mitchell, Jr. is also known as Henry C. Hayes; and (ii) has a CDCR number of V-16058, the same number listed by the plaintiff in the instant Northern District suit.

**(5)** *Hayes v. Brown*, 2:18-cv-08562-SVW-SK (C.D. Cal. Oct. 17, 2018) (suit dismissed as frivolous, malicious and because it failed to state a claim for relief);

**(6)** *Hayes v. Brown*, No. 18-56516 (9th Cir. Mar. 13, 2019) (appeal dismissed as frivolous);

**(7)** *Mitchell v. City of Los Angeles*, 2:06-cv-07704-GAF-RZ (C.D. Cal. Jul. 18, 2007) (suit dismissed for failure to state a claim because suit was filed outside the statute of limitations).[4]

In light of these dismissals, and because Hayes does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why IFP status should not be denied and these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Hayes's response to this order to show cause is due no later than **October 14, 2019**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, Hayes may avoid dismissal by paying the full filing fee of $400.00 by the deadline.

Failure to file a response by **October 14, 2019**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.

**IT IS SO ORDERED.**

**Dated:** September 3, 2019



WILLIAM H. ORRICK
United States District Judge

---

[4] The docket in this Central District case notes that plaintiff (i) Henry M. Mitchell, Jr. is also known as Henry C. Hayes; and (ii) has a CDCR number of V-16058, the same number as the one listed by the plaintiff in the instant Northern District suit. Also, suits dismissed for failure to state a claim because they were filed outside the statute of limitations period can count as strikes. *Belanus v. Clark*, 796 F.3d 1021, 1023, 1025-30 (9th Cir. 2015).

3