United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY C. HAYES,<br>aka HENRY M. MITCHELL, JR.,<br>　　　　　Plaintiff,<br>　　v.<br>RALPH DIAZ, et al.,<br>　　　　　Defendants. | Case No. 19-cv-05216-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 2 and 5 |

## INTRODUCTION

Plaintiff Henry C. Hayes, aka Henry M. Mitchell, Jr., alleges that staff at Pelican Bay State Prison violated his First Amendment right to receive and possess mail. The complaint containing these allegations does not attach liability to any named defendant, with one possible exception. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **December 16, 2019**.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Hayes alleges that in February 2019, defendants interfered with his First Amendment rights by refusing him a package that exceeded the prison's weight limit. He names as defendants Ralph Diaz, the Secretary of the CDCR; Jim Robertson, the warden of Pelican Bay; D. Wilcox, a correctional captain at Pelican Bay; and Z. Love, also a Pelican Bay employee.

Hayes fails to state plausible facts that would state a claim against any defendant. In fact, he does not reference liability in connection with anyone other than Robertson, who is the only defendant whose actions related to the actual deprivation of the package are described with any specificity. (Compl., Dkt. No. 1 at 3-4.) The complaint is DISMISSED with leave to amend to cure these deficiencies.

The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

2

required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Hayes must pay attention to those requirements.

In addition, he premises Diaz's liability on his role as supervisor. This is insufficient. It is very difficult to plead claims against persons based on their role as supervisors, especially where, as here, there are no facts showing that any of these defendants had a personal involvement in any of the allegedly unconstitutional acts. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (emphasis added). Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 129 U.S. at 675-82. There is nothing in the complaint that indicates Diaz's personal knowledge or involvement.

It is also difficult to state claims against grievance reviewers. Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.* Hayes is advised to remember this in drafting his amended claims.

3

## MOTIONS

Hayes filed a motion to proceed *in forma pauperis* (IFP). (Dkt. No. 2.) He was ordered to show cause why pauper status was not barred under 28 U.S.C. § 1915(g), Hayes having brought at least three actions or appeals that counted as strikes under the statute.[1] Rather than show cause, Hayes paid the filing fee. (Dkt. No. 4.) Accordingly, the Order to Show Cause is DISCHARGED and Hayes's IFP motion is DENIED.

Hayes's motion regarding service on defendants is DENIED as moot. (Dkt. No. 5.)

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **December 16, 2019.** The new complaint must include the caption and civil case number used in this order (19-05216 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint that complies in all respects with this order will result in dismissal of this action without further notice to plaintiff.

The Order to Show Cause is DISCHARGED. (Dkt. No. 3.)

Hayes's IFP and service motions are DENIED. (Dkt. Nos. 2 and 5.)

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** November 18, 2019

WILLIAM H. ORRICK
United States District Judge

---

[1] The Order to Show Cause identified seven prior actions or appeals that were dismissed by a federal court on grounds that they were frivolous or malicious, or because they failed to state a claim for relief. (Dkt. No. 3 at 2-3.)

4