UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY C. HAYES,<br>aka HENRY M. MITCHELL, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | Case No. 19-cv-05216-WHO (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR A WRITTEN INDICATION TO PROCEED WITH THE COGNIZABLE CLAIM ONLY** |

**INTRODUCTION**

For at least the second time, plaintiff Henry C. Hayes, aka Henry M. Mitchell, Jr., challenges a California prison regulation that forbids prisoners from receiving mail that exceeds 16 ounces. His prior suit was unsuccessful. *Mitchell v. Gipson*, 1:12-cv-00469-LJO-DLB (E.D. Cal. 2016). The damages claims were dismissed by the Eastern District on grounds of qualified immunity, (*id.*, Dkt. No. 30), a ruling that the Ninth Circuit upheld on appeal, (*id.*, Dkt. No. 36). Because qualified immunity does not bar claims for declaratory, injunctive, or prospective relief, the suit was remanded to the Eastern District. (*Id.*) The suit was eventually dismissed for lack of jurisdiction, Hayes having transferred prisons. (*Id.*, Dkt. No. 53.)

Hayes should be aware that if he pursues his present suit, his damages claims will likely be dismissed on grounds of qualified immunity, assuming that defendants choose to

raise that affirmative defense. The ruling on his prior case would appear to be applicable, although I understand that Hayes disputes that defendants are entitled to such immunity. (Am. Compl., Dkt. No. 9 at 13-15.)

Hayes should also be aware that because he paid the filing fee, he is not proceeding *in forma pauperis* (IFP).[1] If this action goes forward, Hayes is responsible for serving defendants in accordance with Federal Rule of Civil Procedure 4. Instructions on how to serve defendant(s) will be sent to plaintiff after he has complied with the instant order.

Some of the defendants and claims will have to be dismissed, as I explain below. Hayes has two choices. On or before **May 18, 2020**, he must file (i) an amended complaint that cures the deficiencies in the claim against Z. Love; **or** (ii) a written indication that he wishes to proceed only with the cognizable claim against Josey. Failure to comply with these instructions by that date will result in the dismissal of this action and entry of judgment in favor of defendants.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[1] Hayes filed a motion to proceed IFP. (Dkt. No. 2.) He was ordered to show cause why pauper status was not barred under 28 U.S.C. § 1915(g), Hayes having brought at least three actions or appeals that counted as strikes under the statute. (The Order to Show Cause identified seven prior actions or appeals that were dismissed by a federal court on grounds that they were frivolous or malicious, or because they failed to state a claim for relief. (Dkt. No. 3 at 2-3).) Rather than show cause, Hayes paid the filing fee. (Dkt. No. 4.) His IFP motion was then denied. (Dkt. No. 8.)

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

    **1.    Original Complaint**

In his original complaint, Hayes alleged that in February 2019 his jailors at Pelican Bay State Prison interfered with his First Amendment rights by refusing him a package that exceeded the CDCR's 16-ounce weight limit, as codified at 15 California Code of Regulations § 3134(a)(11).

The complaint was dismissed because Hayes failed to attach liability to anyone. Hayes then filed a first amended complaint, which is the subject of this order.

    **2.    First Amended Complaint**

In the first amended complaint, Hayes alleges that his jailors at Pelican Bay violated the First Amendment and his due process rights by refusing him a piece of incoming mail that exceeded the CDCR's 16-ounce weight limit for standard mail. (First Am. Compl., Dkt. No. 9 at 1-2.) He alleges that his mail was "Priority Mail" and therefore did not fall within the ambit of the standard mail limit of 16 ounces. (*Id.*) He names as defendants Z. Love, the mailroom supervisor and the person who interviewed Hayes during the grievance process; S. Josey, the Pelican Bay employee who "drafted and signed" the

3

disapproval notification (*id.* at 7); D. Wilcox, a correctional captain, who approved the immediate return of the package "base[d] upon his arbitrary discretion," (*id.* at 10); and Jim Robertson, the Warden of Pelican Bay.

Hayes alleges both First Amendment and procedural due process claims. He alleges defendants' enforcement of the regulation violated his First Amendment right to receive mail. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). He alleges also that defendants violated his procedural due process right (i) to have the mail held at the prison (rather than returned to the sender) during the grievance process; and (ii) by failing to rule in his favor.

When liberally construed, Hayes has stated a cognizable First Amendment claim against S. Josey, who drafted and signed the disapproval of Hayes's mail.

The First Amendment and due process claims against D. Wilcox are based on Wilcox having returned the mail to the sender rather than holding it while the grievance process played out. But it was Josey, not Wilcox, who disapproved the package and committed the alleged First Amendment violation. Wilcox merely acted in response to the disapproval. His random and unauthorized conduct is not remediable under section 1983. These two claims against him are DISMISSED.

Hayes alleges that Wilcox acted arbitrarily and in violation of CDCR policy by returning the mail before the grievance process was completed. But neither the negligent nor intentional deprivation of property states a claim under § 1983 if the deprivation was, as here, random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides an adequate post-deprivation remedy for any

4

property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Hayes's due process claims against Josey, Love, and Robertson, which are based on the same arbitrary conduct, are DISMISSED on the same grounds. These claims are dismissed without prejudice to Hayes pursuing his state court remedies.

The due process claims against Z. Love and J. Robertson, based on their conduct as grievance reviewers, are DISMISSED <u>without</u> leave to amend; grievance reviewers are not responsible for the underlying constitutional violation. Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.*

Any First Amendment claim against Robertson is also DISMISSED <u>without</u> leave to amend because he had no involvement in the alleged violation. Robertson did not bar Hayes from receiving the package; he acted only as a grievance reviewer.

Hayes claims Z. Love had the authority to change the allegedly unconstitutional regulation, and by not changing it, he violated Hayes's First Amendment rights. This claim is DISMISSED with leave to amend. It is unlikely that Love had the authority to change a regulation that applied to all CDCR institutions, and Hayes has provided no facts plausibly indicating that he had such authority.

In sum, all claims against D. Wilcox and J. Robertson are DISMISSED without leave to amend. Hayes's First Amendment claim against Z. Love for failing to change the regulation is DISMISSED with leave to amend. His due process claims against Love and Josey are DISMISSED without leave to amend. His First Amendment claim against Josey is cognizable.

## CONCLUSION

On or before **May 18, 2020**, plaintiff must file (i) an amended complaint that cures

5

the deficiencies against Z. Love (and omits the claims dismissed without leave to amend); or (ii) a written indication that he wishes to proceed only with the cognizable claim against Josey.  Failure to comply with these instructions by that date will result in the dismissal of this action and entry of judgment in favor of defendants.

The new complaint must include the caption and civil case number used in this order (19-05216 WHO (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.

Failure to comply with (i) or (ii) on or before **May 18, 2020** will result in dismissal of this action without further notice to plaintiff.

**IT IS SO ORDERED.**

**Dated:** April 1, 2020



WILLIAM H. ORRICK
United States District Judge