UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY C. HAYES,<br>aka HENRY M. MITCHELL, JR.,<br><br>Plaintiff,<br><br>v.<br><br>S. JOSEY,<br><br>Defendant. | Case No. 19-cv-05216-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT JOSEY TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

# INTRODUCTION

Plaintiff Henry Hayes, aka Henry M. Mitchell, Jr., has stated a First Amendment claim against S. Josey, an employee at Pelican Bay State Prison. All other claims and defendants are DISMISSED. The Court directs defendant Josey to file in response to the first amended complaint a dispositive motion, or notice regarding such motion, on or before **January 11, 2021**.

# DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2   upon which relief may be granted or seek monetary relief from a defendant who is immune
3   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
4   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

   **1.     Original Complaint**

In his original complaint, Hayes alleged that in February 2019 his jailors at Pelican Bay State Prison interfered with his First Amendment rights by refusing him a package that exceeded the CDCR's 16-ounce weight limit.  (Order Dismissing the Complaint with Leave to Amend, Dkt. No. 8 at 2.)

The complaint was dismissed because Hayes failed to attach liability to anyone.  (*Id.* at 2, 4.)  Hayes filed a first amended complaint.  (Dkt. No. 9.)

   **2.     First Amended Complaint**

In the first amended complaint, Hayes alleged his jailors at Pelican Bay violated the First Amendment and his due process rights by refusing him a piece of incoming mail that

2

exceeded the CDCR's 16-ounce weight limit for standard mail. (First Am. Compl., Dkt. No. 9 at 1-2.) He alleged his mail was "Priority Mail" and therefore did not fall within the ambit of the standard mail limit of 16 ounces. (*Id.*) He named Z. Love, D. Wilcox, Jim Robertson, Ralph Diaz, and S. Josey as defendants and alleged due process and First Amendment claims against them.

As detailed in a prior order, the claims against Z. Love, D. Wilcox, Jim Robertson, and Ralph Diaz were dismissed without leave to amend. (Order Directing Plaintiff to File an Amended Complaint, Dkt. No. 10 at 4-5.) His First Amendment claim against S. Josey, the Pelican Bay employee who drafted and signed the mail disapproval notification, was found cognizable. (*Id.* at 4.) His due process claim against Josey was dismissed without leave to amend. (*Id.* at 5.)

Hayes was ordered to file an amended complaint, or a written indication he wanted to proceed with his First Amendment claim against Josey only. (*Id.* at 5-6.) He then filed an indication he wishes to proceed with his claim against Josey only. (Dkt. No. 11.)

In sum, the sole cognizable claim in this action is a First Amendment claim against Josey. All other claims and defendants are DISMISSED. The first amended complaint is recognized as the operative complaint in this suit. (Dkt. No. 9.)

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Dkt. No. 9), all attachments thereto, and a copy of this order upon S. Josey, a prison guard at Pelican Bay State Prison. The Clerk shall also mail courtesy copies of the operative complaint and this order to the California Attorney General's Office.

2. On or before **January 11, 2021**, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

3

       a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

       b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than forty-five (45) days from the date defendant's motion is filed.

4. Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be

made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order. Such requests must be made directly to jail officials, not to the Court.

8. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

5

1  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
2  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3    11.  The Clerk shall terminate Z. Love, D. Wilcox, Jim Robertson, and Ralph
4  Diaz as defendants.  All claims against them are DISMISSED.
5  **IT IS SO ORDERED.**
6  **Dated:**  September 24, 2020



WILLIAM H. ORRICK
United States District Judge